James E. Stanton, pro se.

**STATE of Delaware**

v.

**James E. STANTON, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: June 24, 1991.
Decided: Oct. 30, 1991.

## OPINION

GEBELEIN, Judge.

James E. Stanton has moved for post-conviction relief on the basis that this Court lacked jurisdiction under Article III of the Interstate Agreement on Detainers, 11 *Del.C.* § 2540 *et seq.*, to sentence him for a violation of probation. This is the Court's opinion on that motion.

On August 8, 1986, defendant pled guilty in Superior Court to one count of Sexual Assault, arising from an incident in which he sodomized a severely retarded person with the mental capacity of a six-year-old child. For this offense, defendant received two years of incarceration, with credit for 126 days he had already served and the balance suspended for probation. In 1987, defendant was arrested in the State of Maryland on three counts of assault and battery and on a destruction of property charge. Defendant pled guilty to one count of battery and to malicious destruction of property and on December 9, 1987 was sentenced to two years and sixty days of imprisonment in Maryland.[1] This conviction represented a violation of defendant's probation in Delaware for the sexual assault charge.

On March 29, 1988, while defendant was imprisoned in Maryland, the State of Delaware filed a detainer pursuant to the Inter-

---

**1.** Defendant was already on probation in Maryland for a prior assault and battery charge.

state Agreement on Detainers after defendant was charged in Delaware with two counts of Sodomy in the First Degree and one count of Attempted Sodomy in the First Degree. A detainer is a notice filed with the institution in which a prisoner is incarcerated, informing the State that another jurisdiction has criminal charges outstanding against the defendant and requesting that the institution hold the prisoner or notify the requesting State when the release of the prisoner is imminent. In accordance with his rights under the Agreement, defendant filed a request for the speedy disposition of "any untried indictment, information or complaint", namely, the Delaware sodomy charges. The State of Delaware complied with defendant's request and assumed temporary custody of defendant for that purpose. On September 19, 1988 defendant pled guilty to two counts of Sexual Assault and was sentenced to four years incarceration to be served at the conclusion of defendant's Maryland sentence. On the same day, the Court sentenced defendant to 18 months incarceration for the violation of Delaware probation resulting from his Maryland convictions.

Defendant now contends that this Court lacked jurisdiction to impose a sentence for his probation violation because a violation of probation is not an untried indictment, information or complaint within the ambit of the Interstate Agreement on Detainers, citing *Carchman v. Nash*, 473 U.S. 716, 724, 105 S.Ct. 3401, 3405, 87 L.Ed.2d 516 (1985).

Defendant correctly asserts that a detainer filed on the basis of a violation of probation is outside the scope of Article III of the Agreement. In *Carchman v. Nash*, *supra*, the U.S. Supreme Court held that a probation violation charge does not come within the term "untried indictment, information or complaint". The Supreme Court reasoned that although a probation violation charge might be based on the commission of an offense, it does not result in the probationer's being "prosecuted" or

"brought to trial" for that offense. Nor will the probationer be "prosecuted or brought to trial" on the criminal offense for which he was originally sentenced to probation, since he will already have been tried and convicted for that offense. Rather, a probation violation charge results in a violation of probation hearing, a proceeding which determines whether the conditions of the probation should be modified or the probationer resentenced. At such a hearing, the probationer is entitled to somewhat less than "the full panoply of due process rights accorded a defendant at a criminal trial." *Carchman*, 473 U.S. at 726, 105 S.Ct. at 3406, 87 L.Ed.2d 516. The Supreme Court reasoned that the policy concerns which led to the adoption of the Interstate Agreement on Detainers, such as improvements in prisoner treatment and rehabilitation resulting from uncertainties which accompany untried charges in another jurisdiction, would not be served by the application of the Detainer Agreement to probation violation charges.[2]

This case presents slightly different circumstances than those in *Carchman*, because this defendant was brought to Delaware on a detainer resulting from sodomy and attempted sodomy charges. It was only while defendant was in the temporary custody of the State of Delaware and subject to the sentencing jurisdiction of this Court for the untried sodomy charges that he was simultaneously sentenced for the violation of probation.

The Interstate Compact, as enacted at 11 *Del.C.* § 2544 specifically provides that:

(d) The temporary custody referred to in this agreement shall be *only for the purpose of permitting prosecution on the charge or charges contained in 1 or more untried indictments, informations, or complaints* which form the basis of the detainer or detainers or for prosecution on any other charge or charges arising out of the same transaction.

---

2. In reality, the U.S. Supreme Court's finding is contradicted by the practice of most states to refuse participation in many rehabilitation and treatment programs to inmates who have outstanding warrants for parole or probation violations in other jurisdictions.

Although defendant's violation of probation arguably arose from the same "transaction" which led to the sodomy charges, it is not a "charge" in the sense used in the statute. Therefore, the Court's temporary custody of the defendant for the purpose of disposing of the sodomy charges did not empower the Court to sentence defendant for a probation violation which, although related, is not a "charge" or an "untried indictment, information or complaint."

Based on the foregoing, defendant's motion for post-conviction relief is GRANTED and defendant's sentence to 18 months incarceration for violation of probation must be VACATED.[3]

See also 565 A.2d 1384.

---

**3.** Defendant was returned to Maryland and has served the remainder of his Maryland sentence. He has been returned to Delaware and is now incarcerated for his sexual assault convictions. Therefore, defendant is present in the State and is now subject to the Court's jurisdiction for sentencing on the violation of probation.